UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

IN RE:   Regan Gullatt                                                             Case No: 17-30191
         Jo Linda Gullatt                                                                  Chapter 13

   Debtor(s)

## CHAPTER 13 PLAN

*(DEBTOR'S PLAN OF REPAYMENT; PLAN SUMMARY:
PROPOSED ADEQUATE PROTECTION; and REQUEST FOR VALUATION OF SECURITY)*

**NOTICE –ATTENTION: YOUR RIGHTS MAY BE AFFECTED-NOTICE**

This pleading is a Bankruptcy Rule 3015(d) Summary and Notice of a Chapter 13 Plan of Repayment filed by the above captioned Debtor(s) (the term debtor herein shall refer to both single and joint debtors). This four page document is only a summary and a portion of the complete plan. In all instances the complete plan and terms and conditions set forth therein shall be controlling. The complete plan and an Addendum to Chapter 13 Plan-Application And Notice For Attorney Fees wherein an itemized estimate of the time expended and expenses incurred by counsel for debtor may be viewed and printed by logging on to PACER at www.lawb.uscourts.gov. To obtain a password, you may register at http://pacer.psc.uscourts.gov or call the PACER Service Center at 1-800-676-6856. The summary of the contents of the plan filed by debtor is as follows: Debtor's PLAN OF REPAYMENT pursuant to 11 U.S.C. §§ 1321, 1322 and 1325; PROPOSED ADEQUATE PROTECTION pursuant to 11U.S.C. §361; and debtor's REQUEST FOR VALUATION OF SECURITY; pursuant to 11 U.S.C. § 506 and Bankruptcy Rule 3012.

This pleading seeks relief under the Bankruptcy Code and complies with and is being noticed pursuant to Bankruptcy Rules 2002, 2016, 3012, 3013, 3015 and 4001. A notice document is being sent with this pleading setting a confirmation hearing on debtor's plan, and an Addendum to Chapter 13 Plan-Application And Notice For Attorney Fees has been filed in the record of this case and may be reviewed by logging onto PACER. This confirmation hearing shall also be the hearing on debtor's request for valuation, *See II(B)(6) above*, and compensation for debtor's attorney, *See II(B)(5) above*. Provided no change of circumstances during the term of the plan, the "value", once determined shall be a "res judicata" determination and all parties shall be bound by such valuation.

**Objections to the debtor's plan, proposed valuation or compensation for debtor's counsel must be in writing and must be filed with the court and served on the debtor, debtor's counsel and the trustee at least seven (7) days prior to the date set for the confirmation hearing.** Absent any objections, the Court may at such hearing confirm the debtor's plan, determine the value of debtor's property for secured claims purposes, and set the amount of payments to the debtor's counsel and creditors provided for herein. Counsel for debtor reserves the right to request additional fees by fee application for services exceeding any amounts set forth herein.

**Additional Payments to Trustee:** NONE

**Special Provisions and/or Changes to Sections III, IV, or V of the Model Plan:** NONE

**Summary of and/or Reasons for Modification:** N/A

IN RE:  Regan Gullatt                                                                                                   Case No: 17-30191
       Jo Linda Gullatt

Debtor(s)                                                                                                                       Chapter 13
_____

**PLAN SUMMARY AND NOTICE**
_____

**I. SUBMISSION OF EARNINGS OR FUTURE INCOME:**

**(A)** Debtor shall make monthly payments to the Chapter 13 Trustee in the amount of **$175.00** over an estimated term of **60 months**, with the first payment being due on **March 6, 2017**, and payments due on the same day of each successive month thereafter until all payments have been made or until all proposed disbursements have been made, whichever occurs earlier. The payments shall be made by:

   -------  Direct Payment from the debtor; or

   **X**    Payroll Deduction and the debtor has provided the Trustee all documentation required to institute Payroll Deduction.

This is an **below** median case pursuant to the B22C calculation. The debtor(s) is married and there is 3 persons in the debtor's household.

**(B) ADDITIONAL SUMS DEBTOR SHALL REMIT TO THE CHAPTER 13 TRUSTEE:** *Place an "X" on the one that applies)*
     **X**   NONE
     ------  50% of the net recovery from all personal injury and litigious claims.

**II. CLASSIFICATION OF CLAIMS/PAYMENT/PRIORITY/ RANKING:**

**(A) CREDITORS TO BE PAID DIRECTLY BY DEBTOR OR SATISFIED BY SURRENDER OF PROPERTY:**

  **(1) HOME MORTGAGE(S):**

| Creditor | Collateral | Estimated Monthly Payment | To be paid beginning |
|---|---|---|---|
| 21st Mortgage | Residence | $413.00 | Paid pursuant to original mortgage contract |

  **(2) OTHER DIRECT PAYMENT(S) MADE BY THE DEBTOR(S) (including executory contracts):**

| Creditor | Nature of Debt | Estimated Monthly Payment & Term | To be paid beginning |
|---|---|---|---|
| NONE | | | |

  **(3) DIRECT PAYMENTS MADE BY A THIRD PARTY:**

| Creditor | Name of 3rd Party, Relationship to Debtor & Collateral if any | Monthly Payment | To be paid beginning |
|---|---|---|---|
| | | | |

  **(4) SECURED CLAIMS SATISFIED BY SURRENDER OF PROPERTY SECURING THE CLAIM**:

| Creditor | Collateral |
|---|---|
| | |

**(B) TRUSTEE DISBURSEMENTS AND CLASSIFICATION/ RANKING:** Except as modified by (II)(B)(5) the Chapter 13 Trustee will pay the following claims in the order of their rank set forth herein until the proceeds are exhausted:

  **(1) TRUSTEE'S FEE**: The Trustee shall withhold the administrative percentage fee not to exceed 10% from all receipts under the plan.

  **(2) UNPAID FILING FEES:** NONE

  **(3) ADEQUATE PROTECTION PAYMENTS PER 11 U.S.C. §361.** *See (III)(C)(1)*:

| Creditor | Collateral | Monthly A.P. Payment |
|---|---|---|
| | | |

  **(4) EXECUTORY CONTRACTS:**

| Creditor | Payment |
|---|---|

**(5) ALLOWED ADMINISTRATIVE EXPENSE CLAIMS UNDER 11 U.S.C. § 503(b):**

(a) **Debtor's Attorney Fees:** Counsel for debtor has applied for a "No Look" fee for legal fees and costs for services rendered under 11 U.S.C. § 330 and § 331 in the amount of **$3,395.00,** including attorney fees of $3,000.00, court cost fee $310, credit counseling fee of $42.00, and credit report fee of $43.00, of which **$3,395.00** shall be trustee disbursed. This is the applicable "No Look" fee under the Standing Order Regarding "No Look" fees in Chapter 13 Cases in the Western District of Louisiana. In addition, counsel for the debtor is entitled to additional payments of $100.00 per month for the last six months of the plan if and only if the debtor/case/attorney are in compliance with the provisions of the Standing Order. Compliance with the Standing Order shall be evidenced by the filing of a Verification by counsel in a form approved by the Court. As an alternative or in addition to the "No Look" fee the counsel for debtor may also elect to file and notice an Application for Compensation pursuant to 11 U.S.C. 330 pursuant to the provisions of the Standing Order.
.

(b) **Other Administrative Expenses shall only be paid pursuant to court order after notice and hearing.**

**(6) SECURED CLAIM(S):**
  (a) Secured by Real Estate:
   (i) Payments or Other Treatment under §§ 1322(b)(5) and 1325(a)(5) *(See (III)(B)(2))*:

| Creditor | Collateral | Mortgage Payment | # of Payments | Paid Beginning | Total Payment |
|---|---|---|---|---|---|

   (ii) Cure for Administrative Delay Payments under §1322(b)(3):

| Creditor | Collateral | Mortgage Payment | Specified Months | Monthly Payment For Delay | Total Payment Rate & Term |
|---|---|---|---|---|---|

(iii) Cure of Defaults under §1322(b)(3):

| Creditor | Collateral | Arrears | Monthly Payment, Rate & Term | Estimated Total Payment |
|---|---|---|---|---|
| | | | | |

 (b) Secured by Movable Property:
   (i) Secured Creditors - 11 U.S.C. § 506 Not Applicable:

| Creditor | Collateral | PMSI Amount | Estimated Avg. Monthly Payment & Rate | Estimated Total Payment ( P & I) |
|---|---|---|---|---|
| | | | | |

   (ii) Secured Creditors - 11 U.S.C. § 506 Is Applicable:

| Creditor | Collateral | Value/ Claim Amount | Estimated Avg. Monthly Payment & Rate | Estimated Total Payment |
|---|---|---|---|---|
| Tower Loan | Household Goods | $3,000.00 | $56.61, 5.00% | $3,396.60 |

**(7) DOMESTIC SUPPORT OBLIGATION (DSO) ARREARS:**

| DSO Obligation Holder or Assignee | Nature of Claim | Total Claim |
|---|---|---|
| NONE | | |

**(8) ALL OTHER UNSECURED PRIORITY CLAIMS INCLUDING TAX CLAIMS:**

| Creditor | Nature of Claim | Total Claim |
|---|---|---|
| | | |

**(9) SPECIAL, CO-SIGNED AND/OR NONDISCHARGEABLE CLAIMS NOT PROVIDED FOR IN SECTION II(B)(10):**

| Creditor | Nature of Debt | Amount to be Paid | Estimated Avg. Monthly Payment & Rate | Total Payment (P & I) |
|---|---|---|---|---|
| | | | | |

**(10) NON-PRIORITY GENERAL UNSECURED CLAIMS:** After claims provided for in section II(B)(9) are paid in full as set forth above, all other allowed general non-priority unsecured claims will be paid a total of approximately **$2,058.40** to be distributed *pro rata*. Based upon the scheduled unsecured claims in the amount of $33,349.86 it is estimated unsecured claims will be paid approximately 6.17% of their respective claims, however the amount paid on any one claim may vary depending on the actual filed and allowed claim.

**PLAN & PLAN SUMMARY DATE:**

**February 16, 2017**

James W Spivey II
A Professional Law Corporation
1515 N 7th Street
West Monroe, LA 71291
(318) 387-3666
E-mail:  **jspiveylaw@comcast.net**

**By:**   **/s/ James W. Spivey II, Bar #22160**

**Dated**: February 16, 2017

/s/ Regan Gullatt
**Debtor:  Regan Gullatt**

/s/ Jo Linda Gullatt
**Debtor: Jo Linda Gullatt**