UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

IN RE: REGAN GULLATT  CASE NO. 16BK-30564
JO LINDA GULLATT  CHAPTER 13

**RESPONSE TO TRUSTEE'S *OBJECTION TO CONFIRMATION*
*OF CHAPTER 13 PLAN* [ECF # 15]**

NOW INTO COURT comes JAMES W. SPIVEY II, counsel for the Debtors, who respectfully avers the following:

1.

Debtors filed for Chapter 13 bankruptcy relief on February 6, 2017. Debtors filed all necessary schedules, statements and forms with the court and their plan is pending confirmation with a hearing scheduled for Wednesday, April 12, 2017 at 9:30 AM.

2.

On March 21, 2017, the Chapter 13 Trustee filed an ***Objection to Confirmation*** [ECF # 15] asserting that Debtors' counsel is not entitled to the requested attorney fees of $3,000.00 because it is "a sum in excess of that allowed by the Local Rules of the United States Bankruptcy Court for the Western District of Louisiana, Monroe Division." The Trustee bases his objection on the fact that Debtors' monthly plan payment is $175.00 and that the recently promulgated Standing Order requires that a de minimis payment such as this would invoke the "10% Rule," sometimes referred to as the "10 X" Rule. Under normal circumstances, attorney fees would and *should* be calculated by multiplying the monthly plan payment amount by ten (10), which in this case would require a ceiling of $1,750.00 for attorney fees. This case is an exception, however, because Debtors have a **direct monthly mortgage payment of $413.00** [see Chapter 13

Plan at ECF # 8, page 2] that, when added to the plan payment of $175.00 gives a monthly Debtor disbursement total of $588.00 which is beyond the de minimis payment threshold of $300.00 as provided for in the January 24, 2017 *Standing Order Regarding "No-Look" Fees in Chapter 13 Cases*.

3.

The fact that there was a direct home mortgage payment and that this should be an exception to the January 24th 2017 Standing Order was overlooked by counsel's office and an amended *Disclosure of Compensation* reducing attorney fees to $1,750.00 was filed on April 5, 2017 [see ECF # 16]. On Thursday, April 6, 2017, Trustee's counsel sent out a universal email prompting various counsel to submit response briefs on the various issues arising from the new Standing Order in cases coming up for confirmation on April 12, 2017. One of these issues concerned whether or not the 10% Rule should be invoked in cases where a Debtor disbursed direct payment would, when added to the monthly plan payment, put the direct disbursement total beyond the de minimis payment amount. The Trustee pointed out that the *Gullatt* case had this issue and suggested that counsel might like to brief it. Counsel then filed a **Motion to Continue Confirmation Hearing** as both Mr. James Spivey and Mr. Gary Horton were scheduled to be out of the office from Friday, April 7, 2017 until the following week. The motion to continue was then emailed to Trustee's counsel and to Judge's Law Clerk. Shortly thereafter, however, Mr. Horton suggested to the Law Clerk that the motion to continue could be denied after Trustee's counsel replied that he wanted all issues regarding the new Standing Order dealt with on April 12, 2017 so that that the confirmation of the various plan would not be stalled.

4.

Counsel now submits this response to Trustee's Objection and respectfully asks the Count to allow the amended *Disclosure of Compensation* filed on April 5, 2017 to be withdrawn and that counsel be allowed to pursue the full no-look fee of $3,000.00 as originally requested.

5.

The first point that counsel would like to make with regard to why direct Debtor payment disbursements should be included in the de minimis payment/no-look fee calculation is that it has **been historically allowed by the Western District of Louisiana**. Counsel directs this Court to review the ***Standing Order Regarding "No-Look" Fees and Addendums in Chapter 13 Cases*** entered on March 5, 2010. **(See copy attached hereto)**. At page 3, paragraph (5), that order states as follows:

> In cases where the monthly plan payments to the trustee are less than $200 per month, the no-look fee will be reduced to the higher of:
>
> (A)  10x the monthly plan payment paid to the Chapter 13 Trustee; or
>
> **(B)  If the Plan provides for specific monthly disbursements under the plan to creditors/claimants by both the Trustee and the Debtor, then 10x the total amount to be disbursed on a monthly basis to such creditors/claimants by both the Trustee and the Debtor under the Plan and in no event to exceed $2,800.00.**

6.

**The second point that should be considered is that not allowing direct Debtor disbursements to be added to the de minimis payment calculation for determining the no-look fee is that such would work against an unfettered option of making a**

**payment directly,** such as a home mortgage payment, and avoiding the Trustee surcharge for payment handling. In other words, attorneys should not be put in the position of having to decide whether to suggest that a client pay a creditor directly and avoid the Trustee surcharge <u>or</u> to include all payments in the plan via Trustee disbursement in order to able to claim a higher fee. This in effect makes for an unhealthy and adverse relationship between Debtor and bankruptcy counsel with respect to the fee arrangement.

7.

**Courts have determined that payments that are disbursed directly by Debtors outside of the plan *are* plan payments *under* the plan.** In *In re Gonzales*, the District of Colorado Bankruptcy Court ruled that pursuant to 11 U.S.C. § 1328(a), Debtors were not entitled to a Chapter 13 discharge even though they had completed all of their payments under their confirmed plan when they failed to make all of their direct home mortgage payments as required by their plan. (See *In re Gonzales*, 532 B.R. 828 (2015) attached hereto). According to the Gonzales Court, "[t]he express predicate for a Chapter 13 debtor to be entitled to receive a discharge of debts under § 1328(a) is 'the completion by the debtor of all payments under the plan.'" (See *Gonzales* at 831). The *Gonzales* Court looked to the U. S. Supreme Court decision in *Rake v. Wade* to determine that "a construction of the 'payments under the plan' language in § 1328(a) narrowly to include only those payments directed to the Chapter 13 Trustee is impossible to reconcile with the Supreme Court's broad construction of 'provided for by the plan,' in the same Code section, to include claims that are merely referred to by the plan." (See *Gonzales* at 832 <u>and</u> *Rake v. Wade*, 508 U. S. 464 (1993) at 474, both attached hereto).

8.

**Even though a Debtor disbursed direct payment to a Creditor such as a home mortgage premium is not a Trustee disbursed payment, bankruptcy counsel is still required to represent their client with regard to an adverse motion regarding that collateral when such a problem presents itself.** For example, if a Debtor pays his or her home mortgage directly and a Motion for Relief from Stay is filed because of a post-petition payment default or a lapse in insurance, counsel must still represent the client with all the same vigor he would if the mortgage payment had been one that was Trustee disbursed. Given this, it makes logical sense to allow the directly disbursed payment to be added to the de minimis plan payment in order to determine an appropriate no-look fee.

9.

**If the Western District Bankruptcy Court determines that a Debtor disbursed direct payment should <u>not</u> be included in a no-look fee calculation, then an amendment to the Standing Order of January 24, 2017 should be considered to allow for attorney fees when an adverse motion is filed by a Creditor between case commencement and 120 days post-confirmation regarding collateral on which payments are made directly.** This would allow for bankruptcy counsel to be adequately compensated in those cases where a Creditor receives payments directly from a Debtor and has filed an adverse motion regarding its collateral but where the 10X Rule has required reduction in attorney fees.

WHEREFORE COUNSEL FOR DEBTORS prays that the Court allow for the amended Disclosure of Compensation to be withdrawn and that that a determination be

made allowing for Debtors' home mortgage payment of $413.00 to be added to the plan payment of $175.00 allowing for a full no-look fee of $3,000.00.

    Respectfully submitted,

/s/ James W. Spivey II
James W. Spivey II, PLC
1515 North 7th Street
West Monroe, Louisiana 71291
Phone (318) 387-3666
Fax (318) 387-3630
Email - jspiveylaw@comcast.net
Bar Roll No. 22160